**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHRISTY CARTY, INDIVIDUALLY AND AS NEXT FRIEND FOR BRYCE CARTY, JUSTICE CARTY AND MADDY CARTY, MINORS AND AS REPRESENTATIVE OF THE ESTATE OF JIMMY CARTY, JR., DECEASED,<br>    Plaintiffs,<br><br>v.<br><br>TEXAS DEPARTMENT OF PUBLIC SAFETY, COMMANDER ALBERT RODRIGUEZ, LIEUTENANT ERWIN BALLARTA, KIM PACIFIC MARTIAL ARTS AND RINGSIDE, INC.,<br>    Defendants. | §§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 2-06-CV-138 (TJW) |

**MEMORANDUM OPINION AND ORDER**

Defendants filed motions to dismiss for improper venue, or in the alternative, to transfer venue to the Austin Division of the Western District of Texas (#8, #13, #15, #16) pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a). The Court has considered the parties' written submissions, and DENIES the motions to dismiss for improper venue and the motions to transfer venue.

**I.  Factual Background**

Christy Carty, a resident of Van Zandt County, is the surviving spouse of Jimmy Carty. She brings this action in her individual capacity, as next friend for her children, and as the representative of her late husband's estate against defendants, the Texas Department of Public Safety ("DPS"), and two individual DPS officers, Commander Albert Rodriguez ("Rodriguez"), and Lieutenant Erwin Ballarta ("Ballarta"). Plaintiffs also bring claims against two products manufacturers, Kim Pacific

Marital Arts ("Kim Pacific") and Ringside, Inc. ("Ringside"). DPS is a law enforcement agency in the State of Texas. Defendant Rodriguez is the Commander of the DPS Training Academy, and Defendant Ballarta is the Defense Tactics Coordinator for the DPS Training Academy. Defendant Kim Pacific is a products liability defendant in this action. It is a California Corporation with its principal place of business there. Defendant Ringside, an additional products liability defendant in this action, is a Kansas Corporation with its principal place of business there. Both products defendants sell the accused products in the Eastern District of Texas. Ballarta and Rodriguez both live and work in Austin, Texas in the Western District of Texas.

Jimmy Carty, was a member of a training class for the Texas DPS, and enrolled in the DPS Training Academy in Austin, Texas. He was injured as part of the DPS training called "arrest and control tactics drill" on May 19, 2005. He sustained head and brain injuries during this drill, and died on May 26, 2005.

Kim Pacific Martial Arts made the headgear worn by Jimmy Carty when he was injured, and Ringside made the boxing gloves worn in the incident. Plaintiffs claim the products manufacturers negligently designed, manufactured, constructed, assembled, and inspected their products. Plaintiffs bring suit against DPS and the individual state actor defendants under 42 U.S.C. §§ 1983, 1985, and 1986. Specifically, the plaintiffs claim the defendants' actions in the active countermeasures drill directly led to the head injury and subsequent death of Jimmy Carty.

**II.   Discussion**

   **A.   Motion to Dismiss under Fed. R. Civ. P. 12(b)(3)**

Federal Rule 12(b)(3) allows defendants to move for dismissal based on improper venue. *Langton v. Cbeyond Communication, L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003). Once a

defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff. *Id*. If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, taken as true, that establish venue. *Id*. Courts will accept uncontroverted facts in a plaintiff's pleadings as true, and will resolve any conflicts in the plaintiff's favor. *Id*. With this standard in mind, the Court now turns to the Defendants' motion to dismiss.

For the purpose of venue, a civil action not based solely on diversity of citizenship may only be brought in the following:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (2005). A district court shall dismiss a case filed in an improper venue, or transfer the case to any district or division in which it could have been brought, in the interest of justice. 28 U.S.C. § 1406(a) (2005).

In this case, the plaintiffs allege that significant acts and omissions by DPS in the Eastern District of Texas led to the death of Jimmy Carty. *Plaintiffs' First Amended Complaint* at 3-4. These acts include the recruiting and soliciting of the decedent within the Eastern District of Texas. Notwithstanding the fact that Jimmy Carty's death occurred outside of this district, the plaintiffs' allegations satisfy the venue requirement under 28 U.S.C. § 1391(b)(2). Therefore, the Court finds that venue is proper in the Marshall Division of the Eastern District of Texas, and DENIES the defendants' motions to dismiss for improper venue.

    **B.**    **Motion to Transfer Venue under 28 U.S.C. § 1404(a)**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2005).  It is within the district court's sound discretion whether to transfer venue under § 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case."  *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice."  *Hanby*, 144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted.  *Mohamed*, 90 F. Supp. 2d at 771.  The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws.  *Id.*  The moving party bears the burden of demonstrating that venue should be transferred to another forum.  *Hanby*, 144 F. Supp. 2d at 676.  To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer."  *Mohamed*, 90 F. Supp. 2d at 768.

*1.*    *Convenience Factors*

a. The plaintiffs' choice of forum

The plaintiffs' choice of forum is "a paramount consideration in any determination of [a] transfer request, and that choice should not be lightly disturbed." *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (quoting *Young v. Armstrong World Indus.*, 601 F. Supp. 399, 401 (N.D. Tex. 1984)). As discussed above, venue is proper in the Eastern District of Texas. Therefore, the plaintiffs' choice of forum will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002).

b. The convenience of parties and material witnesses

The Court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, the products defendants, Kim Pacific and Ringside, are corporations organized under the laws of California and Kansas, respectively, with their principal place of business in those respective states. The products defendants will be inconvenienced regardless of whether the case is transferred. On the other hand, Rodriguez and Ballarta both reside in Austin, Texas. The distance between Austin and Marshall is about 280 miles. This distance may cause a slight inconvenience. As for the Plaintiffs, they reside in Van Zandt County, Texas. The distance between Van Zandt County and Marshall is within 100 miles. The Plaintiffs are closer to Marshall than they are to Austin, and this fact cuts against transfer. Therefore, in the Court's view, the convenience of the parties is a neutral factor.

The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially

inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

In its moving papers, the defendants simply state that "training academy employees and emergency responders are all located in the Western District of Texas, Austin Division," and that "the actual fact witnesses ... are located in Austin, Texas." *DPS's Motion to Transfer Venue* at 6; *Kim Pacific's Motion to Transfer Venue* at 3. The Defendants do not specifically identify key witnesses nor outline the substance of their testimony. On the other hand, the plaintiffs contend that two crucial witnesses, who have also been victims of the DPS policies, reside in Marshall, Texas. *Plaintiffs' First Amended Complaint* at 3. The plaintiffs also contend that family and friends who currently live in the Eastern District of Texas are key witnesses to issues of pecuniary loss, mental anguish, emotional distress, and loss of consortium. *Id*. After considering the convenience of the parties' witnesses, the Court finds that the convenience of non-party witnesses does not weigh in favor of transfer.

### c. The place of the alleged wrong

There is some dispute as to whether any alleged wrong occurred in the Eastern District of Texas. The plaintiffs allege that some actions by Defendant DPS in the Eastern District of Texas led to the death of Jimmy Carty. *Plaintiff's First Amended Complaint* at 3-4. On the other hand, there is no dispute that the incident resulting in Jimmy Carty's death occurred in Austin, Texas. Assuming the plaintiffs' allegation to be true, this factor slightly favors a transfer.

### d.  The cost of obtaining the attendance of witnesses and the availability of compulsory process

In its moving papers, the defendants imply that the cost of attending trial would be greater because fact witnesses are located in Austin, Texas.  However, the Court is unable to determine the number of key fact witnesses who would be required to travel to Marshall, Texas, for trial. As a result, the Court is unable to assess the actual cost of obtaining the attendance of witnesses. This factor, therefore, does not weigh in favor of transfer.

The parties do not dispute that the Court has subpoena power over all potential witnesses. Therefore, this factor does not weigh in favor of transfer.

### e. The accessibility and location of sources of proof

The Court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage.  *Mohamed*, 90 F. Supp. 2d at 778.  Any documents can be easily transported to either Austin or Marshall.  In the Court's view, this factor does not weigh in favor of transfer.

### f.  The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  Because it is early in the litigation, the plaintiffs would not be prejudiced by a transfer.  *Ledoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 838 (E.D. Tex. 2002).  Therefore, this factor is neutral.  *Id.*

   *2.     Public Interest Factors*

a. The administrative difficulties caused by court congestion

The Court should consider any administrative difficulties caused by court congestion in its transfer analysis. The parties do not discuss this issue. Therefore, the Court assumes that this factor does not weigh in favor of transfer.

b.  The local interest in adjudicating local disputes and
c. The unfairness of burdening citizens in an unrelated forum with jury duty

Neither party addresses these issues. However, the plaintiffs allege some actions by DPS occurred in the Eastern District of Texas and that products manufactured by Kim Pacific and Ringside are sold in the Eastern District of Texas. *Plaintiffs' First Amended Complaint* at 3-5. Therefore, the citizens of Marshall would have an interest in issues relating to whether DPS actions in this district violate constitutional rights and whether products sold in this district are defective. In the Court's view, these factors weigh against transfer.

d. The avoidance of unnecessary problems in conflict of laws

The plaintiffs assert claims based on federal law, and product liability claims that arise under Texas law. Transfer is sought between two federal district courts within the State of Texas. Consequently, the Court finds that this factor is inapplicable in this transfer analysis.

**III.    Conclusion**

The Court has considered the Defendants' Motions to Dismiss or Transfer Venue pursuant to Fed. R. Civ. P. 12(b)(3). Under 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of Texas, Marshall Division. Accordingly, the Defendants' Motions to Dismiss for Improper Venue are DENIED. The Court has also considered the applicable factors under 28 U.S.C. § 1404(a).

Although some factors weigh in favor of a transfer, others do not. The Defendants have not satisfied its burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case. Upon application of the § 1404(a) factors to this case, the Court has exercised its discretion and has concluded that transfer to the Austin Division of the Western District of Texas is not warranted. Accordingly, the Defendants' Motions to Transfer Venue are DENIED.

SIGNED this 6th day of October, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE