# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CHRISTY CARTY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-138 (TJW) |
| | § | |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, ET AL., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**1.    Introduction**

The plaintiffs in this action are Christy Carty, individually and as next friend for B. Carty, J. Carty and M. Carty (the "Carty Children"), and as representative of the estate of Jimmy Carty Jr., deceased. Jimmy Carty Jr. was enrolled in the Texas State Trooper training academy. On May 26, 2005, Jimmy Carty Jr. died of injuries sustained on May 19, 2005 during an arrest and control tactics drill. During this drill, Jimmy Carty Jr. was wearing a protective headgear made by defendant Kim Pacific Martial Arts ("Kim Pacific"). The plaintiffs asserted a product liability claim against Kim Pacific. Kim Pacific and the plaintiffs have entered into a settlement agreement. Per the agreement, Kim Pacific will pay a total of $800,000 to the plaintiffs.

On September 17, 2007, this court held a hearing and heard evidence to determine whether or not the said settlement should be approved. The court granted the State Office of Risk Management's ("SORM") motion to intervene in this matter to protect its subrogation interest in the proposed settlement. SORM participated in the September 17, 2007 hearing.

The questions presented involve the proper allocation of the settlement funds between

Christy Carty and the Carty Children, in light of the exiting death benefits/compensation lien of SORM.

**2.      Discussion**

   **A.     SORM's Benefit Payments**

SORM asserts a subrogation lien in the amount of death benefits paid to Christy Carty and the Carty Children. To date, the following benefits have been paid by SORM:[1]

| | |
|---|---|
| Medical and funeral benefits | $72,385.12 |
| Compensation paid to Christy Carty | $52,444.91 |
| Weekly benefits paid to the Carty Children | $28,476.59 |
| | -------------- |
| TOTAL | $153,306.62 |

   **B.     Proper Allocation**

The plaintiffs propose dividing the settlement funds as follows: Christy Carty receives $650,000, and the Carty Children receive $150,000. *See* Plaintiff's Resp. And Brief Regarding Kim Pacific Settlement and Intervenor's Subrogation Interest (Dkt. #119) at 6. From this initial allocation, the plaintiffs then propose that portions of the expenses, attorneys' fees and subrogation interest of SORM be deducted from the funds allocated to both both Christy Carty and the Carty Children. *Id.* at Exhibit A. The distribution of expenses, fees and reimbursement proposed by the plaintiffs is as follows:

---

[1] In the absence of evidence to the contrary, the court accepts the amounts provided in the most recent submission by SORM as accurate and up-to-date. *See* Exhibit B to State Office of Risk Management's Response to Surreply of Plaintiff's to SORM Claims re Apportionment (Dkt #122).

|                    | Christy Carty | Carty Children |
|--------------------|---------------|----------------|
| Expenses           | $316.87       | $0             |
| Attorneys' Fees    | $240,000      | $50,000        |
| SORM reimbursement | $71,113.11    | $6,877.51      |

*Id.* As a result, under the plaintiffs' proposal, the net proceeds received by Christy Carty would be $338,570.02 and the net proceeds received by the Carty Children would be $93,122.49.

The plaintiffs urge the court to find that their proposed apportionment is fair and reasonable. The cases plaintiffs cite, however, involve an apportionment between beneficiaries and non-beneficiaries. *See e.g.*, *Texas Worker's Compensation Insurance Fund v. Serrano*, 985 S.W.2d 208, 210-12 (Tex.App. - Corpus Christi 1999, pet. denied). Here, the settlement funds are to be received only by beneficiaries, as both Christy Carty and the Carty Children are legal beneficiaries under Tex. Labor Code § 408.182. Therefore, the cases relied on by the plaintiffs do not control the apportionment in this matter.

The plaintiffs also argue that Christy Carty is no longer a beneficiary under the statute because she is no longer entitled to death benefits due to her remarriage. *See* Plaintiffs' Objections to SORM's Proposed Accounting and Apportionment (Dkt. #124) at 4. This argument is not persuasive. The Labor Code defines an eligible spouse to mean "the surviving spouse of a deceased employee." Tex. Labor Code § 408.182. Although § 408.183 contemplates that death benefits cease when a spouse re-marries, nothing in the Labor Code or case law supports plaintiffs' contention that, by re-marriage, Christy Carty is no longer an eligible spouse. Instead, the result of the re-marriage is that the eligible spouse is no longer entitled to future death benefits. Tex. Labor Code § 408.183.

The court rejects the plaintiffs' proposed settlement because it improperly apportions the settlement between Christy Carty and the Carty Children *before* reimbursing SORM for benefits that have been paid. *See Performance Insurance Company v. Frans*, 902 S.W.2d 582, 585 (Tex.App. - Houston [1st Dist.] 1995). This court has no discretion to apportion settlement funds between claimants before reimbursing SORM. *Id.* at 585. In *Frans*, the Court of Appeals instructed the trial court to:

> first order[] payment of costs and attorney's fees, then reimburs[e] the carrier and finally apportion[] the excess between [the beneficiaries] 'in the same ratio as they received death benefits and the [insurance carrier] shall suspend further payments of benefits until the suspended amounts shall equal the amount of such excess, at which time benefits shall be resumed.'

*Frans*, 902 S.W.2d at 585 (quoting Art. 8307, sec. 6a(a)); *see also American General Fire & Casualty Co. v. McDonald*, 796 S.W.2d 201, 204 (Tex.App. - San Antonio 1990).

The court notes that *Frans* and *McDonald* examined Tex. Rev. Civ. Stat. Art. 8307, 6a, a statute that was recodified in the current Texas Labor Code. Neither the plaintiffs nor SORM point this court to case law construing the current version of the Labor Code in a settlement involving beneficiaries. It is clear from the legislative history, as well as the enrolled version of the House bill, that the Labor Code was intended to be "a nonsubstantive revision" of the existing labor statutes. Tex. H.B. 752, 73rd Leg., R.S. (1993); see also Tex. State Affairs Comm. Minutes 5, 73rd Leg., R.S. (Mar. 31, 1993). This court, therefore, finds no reason to depart from the sequence of accounting set forth by *Frans*.

### C. Payment of Cost and Attorney's Fees

The plaintiffs' attorneys seek $290,000 in attorneys' fees and $316.87 in expenses. Based on the evidence presented to this court at the September 17, 2007 hearing, the court finds that the

attorneys' fees and expense request is reasonable. Therefore, the first step in the *Frans* accounting is to deduct $290,316.87 from the $800,000 settlement, leaving $509,683.13.

### D. Reimbursement of SORM

As shown in section 2.A above, SORM's total payments to the beneficiaries to date is $153,306.62. SORM received $20,000 from the previous settlement with the Ringside defendant. *See* Exhibit A to SORM's Resp. To Surreply (Dkt. #122). Therefore, SORM is entitled to be reimbursed $133,306.62 for the compensation benefits it has paid to date. Tex. Labor Code § 417.002(a). Subtracting SORM's reimbursement from $509,683.13 leaves $376,376.51.

SORM did not actively participate in the recovery of the Kim Pacific settlement. SORM's Resp. to Surreply (Dkt. #122) at 2. When an insurance carrier does not actively participate, a court may award "(1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and (2) a proportionate share of expenses" Tex. Labor Code § 417.003(a).

SORM argues that their interest in this case is the entire $800,000 settlement, and therefore the maximum amount of attorneys' fees to be recovered would be $266,666.66. SORM's Resp. to Surreply (Dkt. #122) at 2. As an initial matter, SORM's interest in this case is not the entire $800,000 for the reasons set forth in this Opinion. Also, SORM incorrectly views the one-third limitation in the statute to apply to the plaintiffs' attorneys total fees obtain from both the plaintiffs and SORM. The statute applies only to the "recovery of the insurance carrier's interest." Tex. Labor Code § 417.003(a)(1). SORM has now recovered the entire $153,306.62 it has paid in benefits, including both the Ringside settlement and this settlement. The court is of the opinion that one-third of SORM's recovery, or $51,102.20, is a reasonable attorneys' fee to be deducted from the carrier's

5

interest. *See Texas Dept. of Transportation v. Anderson*, 2000 Tex.App. LEXIS 4198, *2-3 (Tex.App. - Fort Worth [2nd Dist.] 2000) (detailing the accounting method for attorney's fees owed by the insurance carrier).

With respect to the expenses, SORM argues that the March 16, 2007 letter it sent to plaintiffs' counsel constitutes an agreement "of a reduced lien as applied to the Ringside settlement only with the express understanding that the expense of the prosecution of this suit would be deducted from the remaining proceeds of that settlement." *See* Exhibit A to SORM's Resp. To Surreply (Dkt. #122). SORM's argument is strained, at best. The letter merely states that $40,000 of the Ringside settlement was to reimburse the attorneys for the expenses incurred. If any of those funds were intended to provide plaintiffs' counsel with cost reimbursements *from* SORM, then SORM should have adjusted its lien accordingly in its filings related to the present settlement. It is clear, however, that SORM seeks reimbursement for all payments it made to Christy Carty and the Carty Children.

Plaintiffs' counsel have shown that the total expenses to date are $22,952.83. SORM has recovered $153,306.62, and the total recovery to date is $900,000 (this settlement in addition to the Ringside settlement). SORM's proportion of the total recovery is 17.03%. Therefore, SORM's pro rata share of the expenses is $3,908.87 (17.03% of $22,952.83).

After deducting fees and expenses, SORM's net recovery is as follows

| | |
|---|---|
| Outstanding Lien Interest | $133,306.62 |
| less attorneys' fees | ($51,102.20) |
| less pro rata share of expenses | ($3,908.87) |
| | ----------------- |

SORM's net recovery                                    $78,295.55

Plaintiffs' counsel has represented to the court that the fees and expenses paid by SORM will be applied to the plaintiffs' total recovery. Therefore, after deducting all fees, expenses, and SORM's subrogation interest, the remaining settlement funds equal $431,387.58 ($376,376.51 + $51,102.20 + $3,908.87).

### E. Apportionment of Excess

SORM argues that the *Frans* case states that it would be "error to treat the statutorily contemplated recovery as two separate settlements. *Frans*, 902 S.W.2d at 585." SORM's Brief Regarding its Subrogation Interest (Dkt. #118) at 5. The court disagrees. Once the insurance carrier has been reimbursed for benefits paid, it is proper for the court to apportion the excess in proportion to the benefits received. *Frans*, 902 S.W.2d at 585.

The medical and funeral benefits were paid to Christy Carty as the representative of the estate of Jimmy Carty Jr. In addition, one-half of the weekly benefits and remarriage lump sum have been paid to Christy Carty. In total, Christy Carty has received $124,830.03 in benefits from SORM either in her individual capacity or in her capacity as representative of Jimmy Carty Jr.'s estate. This represents 81.43% of the total benefits paid by SORM. The Carty Children have received weekly benefit payments totaling $28,476.59, or 18.57% of the total benefits paid by SORM.

After apportioning the total net recovery to plaintiffs in the same ratio as the benefits were received, Christy Carty's share of the settlement is $351,278.91, or 81.43%; and the Carty Children's share of the settlement is $80,108.67, or 18.57%. By law, SORM has the right to suspend payments to the Carty Children until the amount of suspended payments is equal to the excess settlement

7

received by the Carty Children - $80,108.67.[2] *See* Tex. Labor Code § 417.002(b).

### F. Final Disbursement

Therefore, under the applicable law as for the reasons discussed above, the court finds that the proper disbursement of the $800,000 settlement is as follows:

| | |
|---|---:|
| Total Settlement | $800,000 |
| less expenses | ($316.87) |
| less attorney's fees | ($290,000) |
| Total after attorney's fees and expenses | $509,683.13 |
| less reimbursement to SORM | ($133,306.62) |
| Net recovery to plaintiffs | $376,376.51 |
| plus 1/3 fees and costs from SORM[3] | $55,011.07 |
| | ---------------- |
| TOTAL NET RECOVERY TO PLAINTIFFS | $431,387.58 |

As detailed above, this recovery is apportioned such that Christy Carty shall receive $351,278.91, and the Carty Children shall receive $80,108.67.

### 3. Best Interest of the Children

Chris Ewert, guardian ad litem for the Carty Children, filed a report with this court asking the court to approve the settlement as proposed by the plaintiffs. The amount received by the Carty

---

[2] Neither the plaintiffs nor SORM address how the $30,000 structured settlement received by the Carty Children in the Ringside settlement affects the current accounting. Therefore, the court declines to address this issue.

[3] As noted above, the plaintiffs' attorneys represented to the court that the attorney's fees and cost deducted from SORM's recovery would be included in the plaintiffs' recovery.

Children under the proper allocation as described above ($26,702.89 net per child) is substantially similar to the amount the minors would have received under the plaintiffs proposal ($31,045.42 net per child). Therefore, the court is of the opinion that the settlement agreement and release made between plaintiffs and defendant Kim Pacific is, under all facts and circumstances, just, fair, and reasonable, and in the best interest of B. Carty, J. Carty and M. Carty, Minors, and that the same should be approved.

**4.  Conclusion**

The settlement agreement and release made by and between the plaintiffs and defendant Kim Pacific is APPROVED in accordance with this Opinion. This cause of action is dismissed with prejudice as to defendant Kim Pacific Martial Arts only. Taxable court costs other than the guardian ad litem's fee will be borne by the party incurring same. A reasonable fee for the services of Chris Ewert as guardian ad litem for the valuable services and time devoted in the review, analysis and final settlement of this cause of action is the sum of Ten Thousand Dollars ($10,000.00), payable by defendant Kim Pacific herein. This Order does not affect plaintiffs' causes of actions against the remaining defendants.

It is so ORDERED.

SIGNED this 25th day of September, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE